**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

CD3 SOLUTIONS II INC.

Defendants.

Case No.

# CLASS ACTION COMPLAINT

## Preliminary Statement

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Stewart Abramson ("Plaintiff") brings this action under the TCPA alleging that CD3 Solutions II Inc. ("Defendant") sent telemarketing calls promoting their goods and services, including to calls to telephone numbers that were on the National Do Not Call Registry, such as the Plaintiff. Those calls were made without the call recipient's prior express written consent.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff Stewart Abramson is a resident in this District.

7. Defendant CD3 Solutions II Inc. is a Florida-based corporation that offers various travel-related services.

**Jurisdiction & Venue**

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has specific personal jurisdiction over Defendant CD3 Solutions II Inc. because it sent calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

**The Telephone Consumer Protection Act**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15. Defendant CD3 Solutions II Inc. provides services related to travel, including selling *de novo* travel packages, and offering services to "close out" previously purchased travel arrangements, and offering services to help stop telemarketing calls (for example, see their website https://dncenforcement.net/products).

16. To generate business, CD3 Solutions II Inc. placed illegal telemarketing calls to individuals who had registered their telephone numbers on the National Do Not Call Registry and had not provided prior express consent to receive such calls.

17. Plaintiff's telephone number, (412) XXX-XXX, is a non-commercial telephone number not associated with any business.

18. Plaintiff's telephone number is used for personal purposes.

19. Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in April of 2021.

20. Plaintiff has never asked or requested to be a customer of any of the Defendants.

21. Despite that, Plaintiff received at least eight telemarketing calls from CD3 Solutions II Inc. between May 2023 and July 2025.

22. Three of these calls occurred in May and June of 2023, during which Plaintiff spoke directly with an individual identifying himself as Carl Davis.

23. During each of those three calls in 2023, Mr. Davis attempted to sell Plaintiff *de novo* travel services.

24. Plaintiff expressly requested during the first of these three calls to be placed on Defendant's internal Do Not Call list.

25. Despite this request, Plaintiff received two additional calls in 2023 from Mr. Davis thereafter.

26. Plaintiff received two additional telemarketing calls in February 2024 from individuals who identified the company as "CD3 Solutions."

27. During each of these February 2024 calls, the caller offered to assist Plaintiff in "closing out" travel packages that Plaintiff had previously purchased from another company.

28. Plaintiff again requested to be placed on Defendant's internal Do Not Call list during the first of these February 2024 calls.

29. Plaintiff later received documentation confirming that he had been charged by CD3 Solutions Inc.

30. Following that purchase, Plaintiff sent a written demand letter to Defendant requesting that his number be placed on its internal Do Not Call list.

31. Plaintiff received an additional telemarketing call in May 2025 from a caller identifying the company as the Defendant.

32. During the May 2025 call, the caller again offered to help Plaintiff "close out" prior travel packages and stated that Plaintiff could be placed on a Do Not Call list to prevent further telemarketing calls.

33. Plaintiff received a seventh call in July 2025 from toll-free number 877-790-8932—the known telephone number for CD3 Solutions II Inc.

34. In that call, the caller left a voicemail message that stated: “Do you receive a lot of phone calls from marketing companies saying that you have something like a travel credit or (??) something of that nature? Do you receive those types of…”

35. On July 21, 2025, at 12:45 p.m., Plaintiff received an eighth telemarketing call, from a caller ID displaying 754-304-6977.

36. The plaintiff spoke with an individual who identified himself as Justin Warner, a representative of CD3 Solutions Inc., and provided 954-822-7015 as his direct line.

37. Mr. Warner stated that the company could offer Plaintiff travel services for $598.00, which he reduced to $398.00.

38. During the call, Plaintiff provided his name, mailing address, and email address and again requested that he not receive further telemarketing calls.

39. Mr. Warner stated that Plaintiff’s telephone number would be added to a Do Not Call list, but the call was disconnected before the transaction was completed.

40. The aforementioned calls to the Plaintiff were unwanted.

41. The calls were nonconsensual encounters.

42. In fact, as outlined above, the Plaintiff expressly revoked any purported consent to receive the calls both prior to and after they were made, but they did not stop.

43. Plaintiff’s privacy has been violated by the above-described telemarketing calls.

44. Plaintiff never provided his consent or requested the calls.

45. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

46. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Statement**

47. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

48. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

49. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

50. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

51. Excluded from the Class are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

53. This Class Action Complaint seeks injunctive relief and money damages.

54. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

55. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

56. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

57. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

58. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

59. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendants made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

60. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

61. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

62. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

63. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

64. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

65. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

66. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

67. Defendant's violations were negligent, willful, or knowing.

68. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

69. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. Injunctive relief requiring Defendants to create, maintain, and honor internal Do Not Call requests in the future;

C. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

E. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Plaintiff,
By Counsel,

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*